UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. CASEY, | : | Case No. 2:25-cv-505 |
| Petitioner, | : : | District Judge James L. Graham |
| vs. | : : | Magistrate Judge Caroline H. Gentry |
| WARDEN, NOBLE CORRECTIONAL INSTITUTION, | : : : | |
| Respondent. | : | |

# ORDER

On May 8, 2025, Petitioner filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) in connection with a petition for a writ of habeas corpus. (Doc. 1). Because Petitioner's application demonstrated that Petitioner had sufficient funds available to pay the full $5.00 filing fee to institute this action, the Undersigned issued a Report and Recommendation on June 26, 2025 that Petitioner's application for leave to proceed *in forma pauperis* be denied and Petitioner be ordered to pay the full filing fee within thirty days. (Doc. 2). On July 9, 2025, Petitioner paid the filing fee.

Because Petitioner has paid the filing fee, the Undersigned hereby **VACATES** the June 26, 2025 Report and Recommendation (Doc. 2) and **DENIES as moot** Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 1).

Upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court finds that it does not plainly appear from the face of the petition and any

exhibits attached thereto that the Petitioner is not entitled to relief in this Court. Accordingly, it is hereby **ORDERED** that Respondent shall file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases within **sixty (60) days** of the date of filing of this Order. Specifically, said answer shall respond to each allegation made in the petition, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case. When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system, which display each exhibit and the name of that exhibit in the record.

As required by Fed. R. Civ. P. 5, a complete copy of the answer and state court record with the PageID numbers must be served on Petitioner at the time of filing.

Petitioner may, not later than **twenty-one (21) days** after the answer is filed, file and serve a reply to the answer.

The Clerk is ordered to serve the petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@OhioAGO.gov and Habeas.docketclerk@OhioAGO.gov.

**IT IS SO ORDERED.**

July 11, 2025 /s/ *Caroline H. Gentry*
Date CAROLINE H. GENTRY
United States Magistrate Judge