**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**


MICHAEL E. CASEY,

|                         |   |                              |
|-------------------------|---|------------------------------|
| Petitioner,             | : | Case No. 2:25-cv-00505       |
| - vs -                  |   | District Judge James L. Graham |
|                         |   | Magistrate Judge Michael R. Merz |
| JAY FORSHEY, WARDEN,    |   |                              |
| Noble Correctional Institution, |   |                      |
|                         | : |                              |
| Respondent.             |   |                              |

## REPORT AND RECOMMENDATIONS


This habeas corpus case was brought *pro se* by Petitioner Michael Casey under 28 U.S.C. § 2254 to obtain relief from his conviction in the Guernsey County Court of Common Pleas for possession of cocaine (Petition, ECF No. 5, PageID 40).  It is ripe for decision on the Petition, the State Court Record (ECF No. 14), the Return of Writ (ECF No. 15), and Petitioner's Traverse (ECF No. 20).  The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 21).


**Litigation History**


On May 23, 2022, a Guernsey County Grand Jury indicted Petitioner on one count of permitting drug abuse, in violation of Ohio Revised Code §  2925.13(B), (C)(3)(a); one count of possession of cocaine, in violation of Ohio Revised Code § 2925.11(A), (C)(4)(f) as a first degree

1

felony; and one count of possession of cocaine, in violation of Ohio Revised Code § 2925.11(A), (C)(4)(d) as a second degree felony.  On August 18, 2022, Petitioner withdrew his former plea of not guilty, and entered a plea of guilty to the one count of possession of cocaine set forth in Count Three of the Indictment.  Casey did not take a direct appeal.  However, on August 30, 2023, Casey filed *pro se* a petition for post-conviction relief, alleging ineffective assistance of trial counsel (State Court Record, ECF No. 14, Exhibit 8). The trial court denied the petition and Casey appealed to the Ohio Court of Appeals for the Fifth District which affirmed.  *State v. Casey*, 2024-Ohio-746 (Ohio App. 5th Dist. Feb. 28, 2024)(*Casey I*). The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal.  *State v. Casey*, 174 Ohio St. 3d 1506 (Jun. 25, 2024).

On November 27, 2023, while the appeal of denial of his prior post-conviction petition was pending, Casey filed *pro se* a motion to set aside his conviction. (Motion, State Court Record, ECF No. 14, Ex. 19).  The Common Pleas Court denied the Motion and Casey again appealed.  The Fifth District found Casey did not meet the standard for withdrawal of a guilty plea after sentencing, to wit, a showing of manifest injustice. *State v. Casey,* 2024-Ohio-5284 (Ohio App. 5th Dist. Nov. 5, 2024).   The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal. *State v. Casey*, 177 Ohio St. 3d 1455 (Mar. 5, 2025).  Casey then filed his Petition in this Court, pleading one ground for relief:

> **Ground One:** Petitioner was denied due Process and Effective Assistance of Trial Counsel.
>
> **Supporting Facts:** After Petitioner pled guilty on trial counsel's advice, newly discovered evidence that resulted from Petitioner's wife's trial counsel['s] having the crack cocaine reweighed with the water collected with it by police. This newly discovered evidence showed Petitioner and his wife possessed less than 11 grams of crack cocaine (while still wet), which shows Petitioner is not guilty of the level of offense he was advised by trial counsel to plead guilty

> to. Petitioner's trial counsel provided ineffective assistance by failing to have the crack cocaine weighed separate from water and packaging, and for advising Petitioner to plead guilty to a level of offense greater than that which he could have been convicted in a trial by jury; and Petitioner was denied Due Process as a result, and where the trial court refused to set aside or invalidate the guilty plea to allow Petitioner to plead guilty to the proper offense level.

(Petition, ECF No. 5, PageID 44).

**Timeliness of the Petition**

In the Return, Respondent asserts that this action is barred by the statute of limitations.

**The applicable statute of limitations**

Congress in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") enacted the first statute of limitations for habeas corpus cases challenging state court convictions under 28 U.S.C. § 2254.  That statute is codified at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**Application**

Habeas petitioners are instructed by the Standard Form for § 2254 Petitions that: "18. If your judgment of conviction became final over a year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." Although Casey copied that language into the Petition he filed, he failed to respond to this instruction (Petition, ECF No. 5, PageID 52).

In the Return, Respondent claims the Petition is time-barred under § 2244(d)(1)(A), arguing that because Casey did not take a direct appeal, his conviction became final on the last day he could have done so, November 30, 2022. By this calculation, the statute began to run on that date and expired one year later on December 1, 2023. The Petition was not filed here until May 1, 2025, when Casey placed it in the prison mailing system. Thus the statute would have expired a year and a half before Casey filed.

However, the running of the statute is tolled under § 2244(d)(2) during the pendency of any properly-filed collateral attack on the judgment. After the statute began to run on November 30, 2022, Casey filed his Petition for Post-Conviction Relief on August 30, 2023. Respondent concedes this was a properly filed collateral attack, so the statute was tolled until that proceeding was complete with the denial of review by the Ohio Supreme Court on March 5, 2024. However,

4

in the meantime, Casey filed his Motion to Vacate. Respondent also concedes that was a properly filed collateral attack on the judgment which was not complete until the Supreme Court denied review of the Fifth District's denial of relief on March 5, 2025. Thus the statute was tolled from the filing of the post-conviction petition on August 30, 2023, to the last Supreme Court denial of review on March 5, 2025. The statute ran from November 30, 2022, until August 30, 2023 – 273 days. It then began to run again on March 5, 2025, and would have expired ninety-two days later. However, Casey filed his Petition here on May 1, 2025, fifty-seven days later. Calculating the statute under 28 U.S.C. § 2244(d)(1)(A), the Petition was timely filed.

Respondent's calculation posits a post-conviction filing date of October 30, 2023 (Return, ECF No. 15, PageID 509), but gives no record reference for that date. The Fifth District gives the filing date as August 30, 2023. *Casey I* at ¶ 7.

Casey defends the timeliness of his filing by relying instead on § 2244(d)(1)(B) – the State impediment subsection - or (d)(1)(D), the discovery of factual predicate subsection. Because the Magistrate Judge concludes the Petition was timely filed under § 2244(d)(1)(A), there is no need to analyze these alternative start dates.

The Fifth District Court of Appeals found the following relevant facts[1] on appeal from denial of Casey's Petition for Post-Conviction Relief:

> {¶2} On February 21, 2022, deputies with the Guernsey County Sheriff's Office executed a search warrant at 63765 21st Street, Cambridge, Guernsey County, Ohio, the home of Appellant and his wife, Lisa Casey.
>
> ¶3} Lisa Casey was in the bathroom, her hands and clothes appeared to be wet. Officers detained Lisa Casey and walked her outside the residence. Appellant was one of the three men in the living room.

---

[1] Only the relevant factual findings are quoted, rather than whole paragraphs.

5

After being advised of her *Miranda* Rights, Lisa Casey admitted to flushing crack cocaine down the toilet. One of the officers discovered a small amount of water as well as small, white, rock-like objects in the toilet bowl. The officer retrieved the rock-like objects and conducted a field test, which was positive for cocaine. During a search of the residence, officers also found a digital scale, two glass pipes, what appeared to be crack cocaine, and what appeared to be powder cocaine in the living room, a glass Pyrex cup with a white residue inside as well as a security camera system. All of the items were taken into evidence. The seized drugs were sent to the Central Ohio Regional Crime Lab for testing and determined to be cocaine.

{¶4} Appellant acknowledged the drugs found in the residence belonged to him and were cocaine.

{¶6} On August 18, 2022, Appellant appeared before the trial court, withdrew his former plea of not guilty, and entered a plea of guilty to one count of possession of cocaine as set forth in Count Three of the Indictment, a felony of the second degree. At the sentencing hearing on October 21, 2022, the trial court ordered Appellant to serve an indefinite period of incarceration of six (6) to nine (9) years with a mandatory minimum of six (6) years.

{¶7} On August 30, 2023, Appellant filed a *pro se* petition for post-conviction relief.

*Casey I.*

In the Petition that gave rise to that appeal, Casey argued

Defendant was charged with a codefendant Lisa D. Casey for the same baggie of drugs. The original indictment. showed a weight of 26 grams. It is outside the current record and in the record of case number 22 CR 54 (Lisa D. Casey) codefendant that the facts of the proper weight are held. The correct weight was only 10.4 grams. If not for ineffective assistants of council [sic] defendant would have been charged with 2925.ll(C)(4)(c) a felony of the third degree instead of a second degree felony. For a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, If the proper charge was rendered of felony three defendant would only have an exposure of prison term of up to three years.

(Petition, State Court Record, ECF No. 14, Ex. 8, PageID 107).  There are no affidavits or documents attached to the post-conviction petition attesting to any of the claimed facts.  In dismissing the post-conviction petition, Judge Padden found "Defendant has not put forth sufficient evidentiary material containing operative facts to move forward and are further waived by entering a guilty plea." (Findings, State Court Record, ECF No. 14, Ex. 10).

After appealing, Casey sought to recover from his failure to provide a factual basis for his petition by asking the Fifth District to take judicial notice of his wife's case. *Id.* at Ex. 12.  The Fifth District denied that request because Ohio law prohibits judicial notice of records from other cases.  *State v. Casey, supra,* at ¶ 17.  The Court further held:

> {¶18} We further find the unsworn, self-serving statements Appellant made in his Post-Conviction Petition and Brief to this Court do not set forth sufficient operative facts, in light of the record and the trial court's thorough Crim.R. 11 colloquy, to establish trial counsel "coerced" him into the guilty plea and made his guilty plea less than knowing and voluntary.

*Id.*

After the Supreme Court declined to review the Fifth District's decision, Casey filed on November 27, 2023, a motion in the Common Pleas Court to set aside conviction (State Court Record, ECF No. 14, Ex. 19).  Attached is the laboratory report of Hillary Loucks notarized April 24, 2023 (PageID 231-33).  Casey apparently received it from his wife's attorney, Jack Blakeslee, under cover of a letter dated November 3, 2023 (PageID 230).

Judge Padden again denied relief and Casey again appealed.  The Fifth District considered the case on the merits and held that withdrawal of a guilty plea under Ohio R. Crim. P. 32.1 required proof of a manifest injustice.  *State v. Casey*, 2024-Ohio-5284, ¶ 21 (Ohio App. 5th Dist. Nov. 5, 2024).  The court found no manifest injustice, noting "In a negotiated plea, appellant

pleaded guilty to a second-degree felony for possession of cocaine. In exchange, a first-degree felony and a fifth-degree felony were dismissed by the state. Nothing in that scenario compels this Court to find a manifest injustice." *Id.* at ¶ 26.  His claims were also held barred by the law of the case doctrine because they were the same claims raised in the post-conviction proceeding under Ohio Revised Code § 2953.21. *Id.* at ¶ 27.  After the Ohio Supreme Court declined to exercise jurisdiction, Casey filed his Petition here.

§ 2241(d)(2) provides that whenever the statute begins to run, it is tolled during the pendency of a properly filed collateral attack on the judgment.  The Fifth District decided Casey's post-conviction petition on the merits without calculating whether it was timely filed,[2] so the Court treats it as properly filed.  The statute was accordingly tolled from its filing August 30, 2023, until the Supreme Court declined appellate jurisdiction in the post-conviction proceeding on March 4, 2025 (Entry, State Court Record, ECF No. 14, Ex. 29).  By the time Casey filed his post-conviction petition, the statute had already run for 273 days (Nov. 30, 2022 to Aug. 30, 2023).  That left Casey with ninety-two days to file.  His filing date of May 1, 2025, is fifty-eight days later and therefore timely.

Respondent gives the filing date on the post-conviction petition as October 30, 2023 (Return, ECF No. 15, PageID 509), but provides no record reference.  While the copy of the Post-Conviction Petition filed by Respondent in the State Court Record is not date-stamped, the date cannot be October 30, 2023, because the State responded on September 19, 2023 (State Court Record, ECF No. 15, Ex. 9).  August 30, 2023, is the date of filing recited by the Fifth District. *State v. Casey, supra,* at ¶ 7.

---

[2] Post-conviction petitions under Ohio law are required to be filed within one year of the date the appellate record is complete.  Since Casey did not directly appeal, there would not have been an appellate record compiled.  The Fifth District's decision does not discuss when the Ohio statute of limitations would have run when there was no direct appeal.

Because the Magistrate Judge finds the Petition timely under 28 U.S.C. § 2244(d)(1)(A), it is not necessary to analyze Casey's efforts to come within § 2244(d)(1)(B) or (d)(1)(D).  Briefly, however, Casey cannot come within (d)(1)(B) on the basis he argues – that the State withheld the Lab Report – because the State did not have the Lab Report until well after Casey pleaded guilty and the Supreme Court has held *Brady v. Maryland* does not apply in post-conviction.  *District Attorney's Office v. Osborne*, 557 U.S. 52 (2009).  Casey's claim to come within § 2244(d)(1)(D) is not substantiated by any narrative, supported by the record, of when he became aware of the factual predicate of his claim or what he did that he believes constitutes due diligence.

Casey's counterarguments are not persuasive, but the Magistrate Judge finds the time was tolled under 28 U.S.C. § 2244(d)(2) by the two collateral attacks which Respondent concedes were properly filed.  Respondent's statute of limitations defense should be overruled.


**Waiver by Guilty Plea**


Respondent asserts Casey has waived or forfeited his ineffective assistance of trial counsel claim by pleading guilty.  A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

As the Magistrate Judge understands Casey's position, it is that his guilty plea was not knowing, intelligent, and voluntary because it was based on bad advice from his trial attorney, to wit, advice which did not take into consideration the results of the non-State reweighing of the evidence which occurred in his wife's case after he pleaded guilty.  Casey gives no account of the

9

actual content of any advice his attorney gave him.  He does not suggest how it could be deficient performance under *Strickland v. Washington,* 466 U.S. 668 (1984), to fail to predict that a second weighing of the crack cocaine would produce the result it did in his wife's case.  Nor are we told what his exposure was on the other charges pending against him which the plea bargain disposed of.  He does not even claim he told his lawyer to consider a re-weighing.  He cites no reason to have believed a re-weighing would have produced the result his wife's case did.  Instead the Court is asked to assume – nay, hold – that he could have received as good a plea deal as his wife did when he was charged differently from her and in two cases.

**Merits**

Casey's claim is that his attorney provided ineffective assistance of trial counsel by not having the crack cocaine independently weighed as his wife's counsel did.  The governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

10

To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable."  *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v.*

11

*Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. *Id.*., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id.*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id.*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

The Fifth District considered Casy's ineffective assistance of trial counsel claim on the merits and rejected it, holding:

> [*P16] Appellant claims had trial counsel insisted the drugs be independently reweighed, the results would have revealed the weight of the drugs to be substantially less than the weight charged in the Indictment and only rose to the level of a felony of the third degree. Appellant did not attach an affidavit or other documentary evidence to support the claims asserted in his petition. Rather, Appellant argues the trial court should have taken judicial notice of the test results submitted in the case of his co-defendant, Lisa Casey.

> [*P17] Judicial notice allows a court to accept, "for purpose of convenience and without requiring a party['s] proof, * * * a well-known and indisputable fact." *State v. Blaine*, Highland App. No. 03CA9, 2004-Ohio-1241, ¶ 12, 2004 WL 524667; Evid.R. 201. A trial court can take judicial notice of the court's docket. *Helfrich v. Madison*, 5th Dist. Licking No. 08-CA-150, 2009-Ohio-5140, ¶ 49, citing *State v. Washington*, 8th Dist Cuyahoga Nos. 52676, 52677, 52678, 1987 Ohio App. LEXIS 8488, 1997 WL 16180. However, a trial court cannot take judicial notice of court proceedings in another case. *Campbell v. Ohio Adult Parole Auth.*, 10th Dist. Franklin App. No. 97APE05-616, 1997 Ohio App. LEXIS 4829, 1997 WL 678199. Similarly, "a trial court may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved." *First Mich. Bank & Trust Co. v. P. & S. Bldg.*, 4th Dist. Meigs App. No. 413, 1989 Ohio App. LEXIS 527, 1989 WL 11915. A trial court "may only take judicial notice of prior proceedings in the immediate case." *In re LoDico*, Stark App. No. 2003-CA-00446, 2005-Ohio-172, ¶ 94, 2005 WL 100953. We find

12

the trial court did not err or abuse its discretion in failing to take judicial notice of the test results in Lisa Casey's case.

[*P18] We further find the unsworn, self-serving statements Appellant made in his Post-Conviction Petition and Brief to this Court do not set forth sufficient operative facts, in light of the record and the trial court's thorough Crim.R. 11 colloquy, to establish trial counsel "coerced" him into the guilty plea and made his guilty plea less than knowing and voluntary.

*State v. Casey, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Casey has failed to show that the Fifth District's decision is an objectively unreasonable application of relevant Supreme Court precedent, particularly *Strickland.* Did Casey suspect that the waterlogged crack would weigh differently? Did he suggest an independent re-weighing? Did he detect any flaws in the original weighing? Was the prosecutor willing to hold the plea deal open until more testing was done? Have other courts held that independent re-weighing of seized drugs is something a defense lawyer should do as an ordinary practice? There are no answers to these questions in the record and absence of those answers supports the Fifth District's holding that Casey's claim is speculative.

13

**Conclusion**

Although the Petition here was timely filed, it is without merit and should be dismissed on that basis.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 6, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

14