# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL E. CASEY,

              Petitioner,        :        Case No. 2:25-cv-00505

   - vs -                            District Judge James L. Graham
                                     Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
 Noble Correctional Institution,

                                :
           Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Michael Casey under 28 U.S.C. § 2254 to obtain relief from his conviction in the Guernsey County Court of Common Pleas for possession of cocaine (Petition, ECF No. 5, PageID 40). It is before the Court on Casey's Objections (ECF No. 27) to the Magistrate Judge's Report and Recommendations recommending dismissal (ECF No. 24). Respondent's time to reply to Petitioner's Objections has expired without any filing. District Judge Graham has recommitted the case for reconsideration in light of the Objections (ECF No. 28).

The Report found that the Petition was timely filed despite Respondent's claim that it was time-barred. Respondent has filed no objection to that conclusion. However, the Report found the Petition was without merit and recommended its dismissal on that basis.

Petitioner's claim is that he was denied the effective assistance of counsel when his trial attorney did not seek a re-weighing of the seized cocaine without water and packaging. He asserts

1

that when the same drugs were re-weighed without water and packaging in his spouse's case, the State allowed his spouse to plead to a lesser-degree felony.

The Ohio Fifth District Court of Appeals considered Petitioner's ineffective assistance of trial counsel claim on appeal from denial of post-conviction relief.  He provided no evidentiary basis for his claim of what the re-weighing showed and the Fifth District, applying Ohio precedent, denied his request that it take judicial notice of the evidence in his spouse's case. *State v. Casey*, 2024-Ohio-5284 ¶ 17 (Ohio App. 5th Dist. Nov. 5, 2024). Because the Fifth District had reasonably applied the controlling Supreme Court standard enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984), the Report held it was entitled to deference under 28 U.S.C. § 2254(d)(1).

**Petitioner's Objections**

**Confusion of Cases**

As an initial matter, Casey claims both the Ohio Court of Appeals and the Magistrate Judge missed the fact that he had two cases pending in the Ohio courts at the same time and mistakenly conflated facts from the two (Objections, ECF No. 27, PageID 575).

In the Petition Casey wrote that he was convicted of "Possession of Cocaine in 22 CR 53; and Possession of Crack Cocaine in 22 CR 170 [but] (*22* CR 170 is not attacked in this petition)(Petition, ECF No. 5, PageID 40).  The State Court Record filed by the Attorney General provides the record from 22 CR 53 (See State Court Record, ECF No. 14).

The Report found Casey had admitted possession of cocaine, but he now says that was in the 22 CR 170 case alone.  He asserts "The State Court record plainly shows the Petitioner's confession of ownership occurred in Case No. 22 CR 170 which is not at issue in this case, but the

Respondent failed to supply the police reports with the record." (Objections, ECF No. 27, PageID 576).

If the State Court Record "plainly" shows something, a litigant who has been furnished with the record ought to be able to cite where in the record something is "plainly" shown.[1] Casey offers no record reference. He complains that the State Court Record as filed does not include police reports, but the fact that those reports exist does not make them part of the State Court Record. If they were not admitted in evidence in the Ohio courts, they are not part of the record for habeas corpus purposes.

A plea colloquy was heard at the same time in both cases. Casey asserted under oath that he had not been coerced into pleading guilty (Transcript, ECF No. 14-5, PageID 419). He asserted that he was satisfied with the legal services his attorney had provided him. *Id.* at PageID 423. Casey acknowledged that by pleading guilty he would be admitting possession of cocaine as charged in both cases. *Id.* at PageID 425. Casey's objection that he did not admit possession of the cocaine underlying each case is refuted by the transcribed record of his plea.

**Objections on the merits**

Casey next objects that he filed a proper collateral attack on the judgment under Ohio R. Crim. P. 32.1

> and by submission of clear and convincing evidence in the form of a newly discovered Lab Report and Affidavit issued by a properly and validly certified Lab, which he could not have discovered earlier, and proved the true weight of the crack was 10.4 grams, which is sufficient under Ohio law only for conviction of a third

---

[1] "All papers filed in the case thereafter by either party shall include record references to the PageID number." (Order, ECF No. 4, PageID 38.)

3

> degree felony, whereas he was convinced by his trial counsel to plead guilty to and accept a sentence significantly greater than the law allows on the basis of the true weight of the evidence.

(Objections, ECF No. 27, PageID 576).

Casey next objects that the State's reliance on the weight of the crack cocaine measured without first extracting the water is equivalent to a violation of *Napue v. Illinois*, 360 U.S. 264 (1959), and *Brady v. Maryland*, 373 U.S. 83 (1963)(Objections, ECF No. 27, PageID 576-77). The weight on which the State relied in obtaining an indictment was not "false"; it was rather a weight which Casey now argues was irrelevant because it weighed more than the cocaine – water. That "false" weight was never presented in evidence and Casey has presented no proof that at the time of indictment the State knew it was false. Thus there was no *Napue* violation. And there was no *Brady* violation because the laboratory report on which Casey relies was not in the possession of the State.

The Report concluded that Casey's ineffective assistance of trial counsel claim was waived by his guilty plea. He objects, citing *Hill v. Lockhart*, 474 U.S. 52 (1985). Upon reconsideration, the Magistrate Judge agrees that *Tollett v. Henderson*, 411 U.S. 258 (1973), does not bar habeas inquiry into whether a guilty plea was rendered invalid by ineffective assistance of trial counsel.

**Reconsideration of the merits of Casey's Claim**

As the Magistrate Judge understands Petitioner's ineffective assistance of trial counsel claim, it is that his trial attorney had a duty to investigate the evidence, including having the crack cocaine re-weighed by an independent laboratory. If he had done so, he would have obtained a report showing there was less crack than is required to support the second-degree felony to which he pled guilty. Instead, the prosecutor would have offered him the same deal his spouse received:

4

a plea to a third-degree possession charge, resulting in less prison time.

Considering the time line of events is necessary for a proper decision. The arrest of Petitioner and his spouse Lisa occurred during the execution of a search warrant at their residence on February 21, 2022. The search was the culmination of a narcotics investigation. On appeal from denial of Petitioner's post-conviction petition, the Court of Appeals found the following facts regarding the search:

> Lisa Casey was in the bathroom, her hands and clothes appeared to be wet. Officers detained Lisa Casey and walked her outside the residence. Appellant was one of the three men in the living room. After being advised of her Miranda Rights, Lisa Casey admitted to flushing crack cocaine down the toilet. One of the officers discovered a small amount of water as well as small, white, rock-like objects in the toilet bowl. The officer retrieved the rock-like objects and conducted a field test, which was positive for cocaine.

*State v. Casey*, 2024-Ohio-746 (Ohio App. 5th Dist. Feb. 28, 2024)[2]. Petitioner was indicted in May, 2022, and pleaded guilty in August 2022, several days before a scheduled jury trial (State Court Record, ECF No. 14, Exs. 1 and 4). As noted in the Report, Casey took no direct appeal, but filed *pro se* a petition for post-conviction relief under Ohio Revised Code § 2953.21 on August 30, 2023. *Id.* at Ex. 8.

In upholding the trial court's denial of relief, the Fifth District held:

> {¶16} Appellant claims had trial counsel insisted the drugs be independently reweighed, the results would have revealed the weight of the drugs to be substantially less than the weight charged in the Indictment and only rose to the level of a felony of the third degree. **Appellant did not attach an affidavit or other documentary evidence to support the claims asserted in his petition**. Rather, Appellant argues the trial court should have taken

---

[2] This state court finding of facts must be accepted by this Court unless Petitioner shows by clear and convincing evidence that it is incorrect. 28 U.S.C. § 2254(e). *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001) (applying 28 U.S.C. § 2254(e)(1)); *see also Wood v. Allen*, 558 U.S. 290 (2010). And that deference must be paid even to state-court factual findings made on appeal. *See Rushen v. Spain*, 464 U.S. 114, 120 (1983); *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981).

> judicial notice of the test results submitted in the case of his co-defendant, Lisa Casey.

*State v. Casey*, 2024-Ohio-746 ¶ 16, emphasis added.

The function of a post-conviction petition under Ohio Revised Code § 2953.21 is to permit presentation of constitutional claims that depend on evidence *dehors* the record. A petitioner in a post-conviction proceeding is not automatically entitled to an evidentiary hearing, but must present sufficient documentary evidence *dehors* the record to show entitlement to a hearing. *State v. Jackson,* 64 Ohio St. 2d 107 (1980). Thus both the Guernsey County Common Pleas Court and the Fifth District Court of Appeals found as a matter of fact that Casey did not present evidence *dehors* the record to support his claim. Like other state court findings of fact, those findings are binding on this Court unless overcome by clear and convincing evidence. Casey has not done so. Those findings alone are sufficient to support a finding of procedural default. The rule in *State v. Jackson* is an adequate and independent state ground for procedural default purposes. *Sowell v. Bradshaw*, 372 F.3d 821 (6th Cir. 2004), *citing Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002).

Having lost the post-conviction case, Casey tried again with his Motion to Set Aside the Judgment of Conviction and Permit the Defendant to Withdraw His Guilty Plea to Correct Manifest Injustice (State Court Record, ECF No. 14, Ex. 19). The trial court found as a matter of Ohio law that withdrawal of a guilty plea post-judgment required proving a manifest injustice and that Casey's plea had been knowing, intelligent, and voluntary (Entry, State Court Record, ECF No. 14, Ex. 21, PageID 238). Judge Padden further noted that the Fifth District had considered and rejected Casey's ineffective assistance of trial counsel claim on the post-conviction appeal. *Id.* He denied relief, noting that he was forbidden to take judicial notice of what had happened in Lisa Casey's case. *Id.*

Casey again appealed to the Fifth District which noted that Ohio law under Ohio R. Crim.

P. 32.1 requires proof of a manifest injustice to allow withdrawal of a guilty plea after sentencing. *State v. Casey*, Case No 24 CA 10 (Ohio App. 5th Dist., Nov. 5, 2024)(copy at State Court Record, ECF No. 14, Ex. 26). It also held it had considered Casey's ineffective assistance of trial counsel claim in the post-conviction appeal and the law of the case doctrine prohibited revisiting that question. *Id.* at PageID 298.

The laboratory report upon which Casey relies is attached to his Motion to Withdraw and shows it was sent to him November 3, 2023 (State Court Record, ECF No. 14, Ex. 19, PageID 230-32). The Report came to Casey from his spouse's attorney and shows the analysis was done between April 19 and 24, 2023, and the report was issued April 25, 2023 (See PageID 231). Thus the Lab Report existed when Casey filed his post-conviction petition in August 2023, but it was not attached.

Casey pleaded guilty to the second degree possession count on August 18, 2022. The laboratory report on which he relies was issued April 25, 2023. We are not told when Casey learned of its existence, but he certainly knew as of the date he signed his post-conviction petition, August 24, 2023 (See PageID 108). Ohio Revised Code § 2953.21 sets a statute of limitations of 365 days from the last date when an appeal could have been taken, so the statute would have run September 17, 2023. He was thus under some time pressure to file. Nevertheless, he never sought to add the lab report to the post-conviction record after filing, relying instead on his request for judicial notice, which Ohio law does not allow under these circumstances.

Casey takes issue with the Fifth District's reliance on law of the case doctrine as applied in his second appeal (Objections, ECF No. 27, PageID 579, *et seq*.) He cites *State v. Bush,* 96 Ohio St. 3d 235, 237-238 (2002), and *State v. Davis,* 131 Ohio St. 3d 1 (2011), for the proposition that law of the case did not bar the trial court from considering his new evidence.

7

In *Bush* the Ohio Supreme Court held that the statute of limitations governing post-conviction proceedings under Ohio Revised Code § 2953.21 and 2953.23 did not govern motions to withdraw a guilty plea. The court nowhere held that decisions actually made in a timely filed postconviction proceeding did not become law of the case binding in later attempts to raise the same claim. In *Davis*, a capital case, the court held a court of appeals has jurisdiction over a defendant's direct appeal from case in which sentence of death is imposed to review such final judgments, and trial court retained jurisdiction to decide defendant's motion for new trial. Neither of these holdings speaks to law of the case doctrine.

Finally, Casey asserts *State* v. *Bethel,* 167 Ohio St. 3d 362 (Ohio March 22, 2022), "shows that the law of the case doctrine, and res judicata, do not bar claims arising from newly discovered evidence."(Objections, ECF No. 27, PageID 580). *Bethel* contains no such holding. A capital case, it held there was no "reasonable time" limit on filing a motion for new trial.

**Conclusion**

Casey repeatedly claims that the state court decisions are unreasonable applications of federal law. Rather, the post-conviction decision applies Ohio law, repeatedly upheld by the Sixth Circuit, that a post-conviction petition must be supported by evidence, not assertions, *dehors* the record. Petitioner used the opportunity provided by Ohio law to present his extra-record constitutional claim to the Ohio courts and it was decided against him. Asked again in the Crim. R. 32.1 case to change that decision, the Ohio courts held as a matter of state law that reconsideration was barred. Those are questions of state law which a habeas court may not reverse.

The Magistrate Judge adheres to his prior recommendation that the Petition should be

dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 27, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.