# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL E. CASEY,

               Petitioner,    :      Case No. 2:25-cv-00505

  - vs -                  District Judge James L. Graham
                                   Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
 Noble Correctional Institution,

                                :
          Respondent.

# DECISION AND ORDER

This habeas corpus case was brought *pro se* by Petitioner Michael Casey under 28 U.S.C. § 2254 to obtain relief from his conviction in the Guernsey County Court of Common Pleas for possession of cocaine (Petition, ECF No. 5, PageID 40). It is before the Court on Casey's Objections (ECF No. 27) to the Magistrate Judge's Report and Recommendations recommending dismissal (ECF No. 24), the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 29), Petitioner's Objections to the Supplemental R&R (ECF No.30), the Warden's Response to those Objections (ECF No. 31), and Petitioner's further Response (ECF No. 32).

As required by Fed.R.Civ.P. 72 and 28 U.S.C. § 636(B), the Court has reviewed the Report *de novo* with particular attention to those portions to which Petitioner has objected.

Fed.R.Civ.P. 72 allows a party to file objections to a Magistrate Judge Report and for the opposing party to respond; it does not provide a further opportunity for the other party to respond. Accordingly Petitioner's most recent Response (ECF No. 32), filed without permission, is stricken.

1

Petitioner spends the first six pages of his Objections to the Supplemental Report complaining the Magistrate Judge acted unlawfully in issuing a supplemental report at all (ECF No. 30, PageID 598-602).  However, in the midst of that complaint, Petitioner admits the authority of a District Judge to recommit a matter to a Magistrate Judge for reconsideration:

> While Fed. R. Civ. P. 72(b)(3) expressly permits the district judge to recommit the matter to the magistrate judge with instructions, which would necessarily result in a second Report and Recommendation that complies with the instructions, nothing provides for, or permits Magistrates to play litigation tennis with petitioners by supplementing Reports and Recommendations issued after a Traverse and before the district judge reviews the matter. The fact that a petitioner shows the court an opening in the door closed by the Magistrate's report and Recommendation should not result in the Magistrate being permitted to slam the door shut again, then perhaps again, until the Magistrate is satisfied that he has done his very best to defend the State's unconstitutional decisions even when those decisions obviously deprive or violate defendants' rights . . .

 (Objections, ECF No. 30, PageID 599-600).  Thus the Magistrate Judge was not "playing litigation tennis" with anyone, but obeying the Recommittal Order the Court entered immediately after Petitioner objected to the original Report (ECF No. 28).

The Magistrate Judge understood Petitioner's claim to be that he was denied the effective assistance of counsel when his trial attorney did not seek a re-weighing of the seized cocaine without water and packaging.  He asserts that when the same drugs were re-weighed without water and packaging in his spouse's case, the State allowed his spouse to plead to a lesser-degree felony. The Supplemental Report noted that the Ohio Fifth District Court of Appeals had considered this claim on appeal from denial of Casey's petition for post-conviction relief under Ohio Revised Code § 2953.21.  Because Casey provided no evidentiary basis for his claim of what the re-weighing showed and the Fifth District, applying Ohio precedent, denied his request that it take

2

judicial notice of the evidence in his spouse's case, the court affirmed denial of post-conviction relief. *State v. Casey*, 2024-Ohio-5284 ¶ 17 (Ohio App. 5th Dist. Nov. 5, 2024). The Magistrate Judge found this to be an objectively reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), and therefore entitled to deference under 28 U.S.C. § 2254(d)(1).

The Court agrees. Ohio provides a mechanism to remedy ineffective assistance of trial counsel which depends on evidence *dehors* the record on appeal – the petition for post-conviction relief under Ohio Revised Code § 2953.21. Completely reasonably, the Ohio courts require that that evidence be presented and Casey did not do so. He thus procedurally defaulted his ineffective assistance of trial counsel claim.

**Certificate of Appealability**

Both the Report and the Supplemental Report recommend denying a certificate of appealability (ECF No. 24, PageID 572; ECF No. 29, PageID 596). Instead of objecting to that recommendation on the basis of the standard for granting or denying a certificate[1], Petitioner asserts the whole requirement for obtaining a certificate of appealability is unconstitutional (Objections, ECF No. 30, PageID 609, *et seq*.).

Petitioner asserts there is a "Due Process right to appeal when an appellate process exists." *Id.* This is far too general a proposition to account for the many exceptions to mandatory appellate review even where is is available in the exercise of discretion of the appellate court. For example, the Supreme Court of the United States has very few original jurisdiction cases; these typically involve disputes between two of the States. Its appellate jurisdiction is almost always discretionary

---

[1] Petitioner's objection on the substance of this claim is that, because he is entitled to the writ, he certainly is entitled to appeal denial of the writ. The statute requires him to show that one or more reasonable jurists would disagree with that denial, which he has not attempted to do.

3

and thousands of petitions for the writ of certiorari are rejected every year.  Petitioner asserts "The Courts are designed by the Constitution and laws to protect guilty persons from convictions of crimes greater than the evidence is sufficient to support." Not so.  It is the Constitution which has been interpreted by the courts to protect persons from being imprisoned on insufficient evidence. *Jackson v. Virginia*, 443 U.S. 307 (1979).  Under the Supremacy Clause, all courts are bound by that precedent, including trial judges.  But the Constitution does not guarantee appellate review of a trial court's decision that there was sufficient evidence.  There is no federal constitutional right to appeal criminal verdicts for error review.  *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th  Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005); and *Jones v. Hendrix,* 599 U.S. 465 (2023).  "Due process does not require a State to provide appellate process at all."  *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

Casey has already received a great deal of judicial review of his case.  On just his claim of ineffective assistance of trial counsel, he had available Ohio Revised Code § 2953.21 plus appellate review of a trial court decision plus rial court consideration of the claim in his motion for new trial, plus appellate review of that denial, plus possible Ohio Supreme Court review of those decisions, plus possible United States Supreme Court review of adverse merits decisions by the Ohio Supreme Court if it had exercised jurisdiction.  And after all of that he would have been entitled to invoke the original habeas corpus jurisdiction of this Court, as he did.

Finally, this Court does not have the final say on appealability.  The statute provided that the circuit courts have original jurisdiction over whether a certificate is granted.

**Conclusion**

Finding no clear error in the Magistrate Judge's Report or Supplemental Report, they are adopted and Petitioner's Objections are overruled.  The Clerk will enter judgment dismissing the Petition with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and that the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.


Dated: July 6, 2026                                 *s/ James L. Graham*
                                                    James L. Graham
                                                    United States District Judge